IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUIS COBARRUBIA,

    Plaintiff,

v.                                                       Civ. No. 22-194 MV/GBW

KEEFE GROUP, LLC,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me upon a review of the record and pursuant to the Honorable Judge Martha Vázquez's Order of Reference (*doc. 9*), referring this case to me for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition. For the reasons discussed below, I RECOMMEND that this case be REMANDED to the Fifth Judicial District Court, Lea County, New Mexico, for lack of subject-matter jurisdiction, as it is legally certain that the amount-in-controversy does not exceed the $75,000 jurisdictional threshold.

    I.      **BACKGROUND**

Plaintiff, proceeding *pro se*, is an inmate in the custody of the New Mexico Corrections Department ("NMCD"). *Doc. 1-1* at 3. This dispute arises from Plaintiff's purchase of digital music during his incarceration. *Id.* at 4. While in custody, Plaintiff purchased a tablet from Defendant that came preloaded with a Media Store application, which enabled inmates to purchase songs to download and listen to. *Id.* Plaintiff

1

alleges that although the Media Store advertised each song at a price of $1.70, he was charged $1.90 per song without prior notice. *Id*. Based on these allegations, Plaintiff asserts claims under the New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-1, *et. seq.* ("NMUPA") and New Mexico's Price Discrimination Act, N.M. Stat. Ann. § 57-14-1, *et. seq.* ("NMPDA"). *Id*. at 3. He seeks compensatory and punitive damages in connection with approximately 2,622 songs he purchased from Defendant. *Id*. at 3-4. Specifically, Plaintiff seeks "$786,000 as authorized by [the NMUPA]," damages under the NMPDA, punitive damages of $100 for each song purchased, $5,000 in punitive damages for alleged violations of the NMPDA, and all costs associated with this action. *Id*. at 3.

Plaintiff initially filed his Civil Complaint for Violations of the Unfair Practices Act [a]nd Price Discrimination Act ("Complaint") in the Fifth Judicial District Court, Lea County, New Mexico, on February 1, 2022. *Doc. 1* ¶ 1. On March 16, 2022, Defendant filed a Notice of Removal that invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id*. ¶ 6. The Notice of Removal asserts that the amount-in-controversy exceeds $75,000 and that Plaintiff and Defendant are citizens of different states.[1]  *Id*.

---

[1] For purposes of this Proposed Findings and Recommended Disposition, the undersigned assumes complete diversity of citizenship. However, the Notice of Removal fails to allege sufficient facts to support diversity jurisdiction. Specifically, it does not adequately assert the citizenship of either party. *Doc. 1* ¶ 6 (Notice of Removal states, without factual support or elaboration, that "Plaintiff and Defendant Keefe are citizens of different states . . .").

## II.  LEGAL STANDARDS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Notably, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]"  *Kokkonen*, 511 U.S. at 377 (citations omitted).  The presumption against federal jurisdiction reflects "the deeply felt and traditional reluctance of th[e Supreme] Court to expand the jurisdiction of federal courts through a broad reading of jurisdictional statutes."  *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 379 (1959), *superseded on other grounds by statute*, The Jones Act, 45 U.S.C. § 59, *as recognized in Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990).  Thus, "statutes conferring jurisdiction on federal courts are to be strictly construed, and

---

First, Defendant fails to establish Plaintiff's citizenship.  For purposes of diversity jurisdiction, a natural person is a citizen of the state in which they are domiciled.  *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).  Domicile is established by both physical presence and an intent to remain indefinitely.  *Id.*; *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").  The Notice of Removal does not allege Plaintiff's domicile.

Second, Defendant fails to establish its own citizenship.  In the Tenth Circuit, the citizenship of a limited liability company is determined by the citizenship of all its members.  *Lucero v. Carlsbad Med. Ctr., LLC*, 2018 WL 2464493, at *2 (D.N.M. June 1, 2018) (citing *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015)); *John B. v. Boyd*, 2003 WL 27385441, at *1 (D.N.M. Mar. 5, 2003) (concluding that limited liability companies are not corporations within the meaning of § 1332(c)(1) and instead, as unincorporated associations, "share[] the citizenship of all [their] members for purposes of determining diversity jurisdiction.").  Defendant has not identified its members or alleged their citizenship.

3

doubts resolved against federal jurisdiction." *U.S. ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1280 (10th Cir. 2001) (citation and internal quotation marks omitted).

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Federal courts "must have a statutory basis for their jurisdiction[,]" *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994), which is provided by either federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332, *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). As noted above, Defendant removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332, as the Complaint only asserts state-law claims and raises no federal question. *Doc. 1* ¶ 6; *Doc. 1-1* at 3. Federal diversity jurisdiction under 28 U.S.C. § 1332 requires both complete diversity of citizenship between the parties and that the amount-in-controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d

4

1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501, 506 (2006)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Although the Tenth Circuit has not explicitly held that a district court has the duty or authority to remand a case *sua sponte* for lack of subject matter jurisdiction, that authority is implicit in the court's power to dismiss a case on the same grounds.  In *City of Albuquerque v. Soto Enters, Inc.*, the Tenth Circuit suggested that *sua sponte* remand for jurisdictional defects is not only appropriate but may be required.  864 F.3d 1089, 1093 (10th Cir. 2017) (noting that "unlike jurisdictional defects (which cannot be waived and can be raised *sua sponte* by the court), courts lack authority to remand *sua sponte* for procedural defects").  Moreover, district courts in the Tenth Circuit, including this Court, have consistently exercised this authority to remand for lack of subject matter jurisdiction on their own initiative.  *See e.g.*, *Velarde v. Velarde*, 2009 WL 2426232 (D.N.M. June 29, 2009) (remanding *sua sponte* for lack of subject matter jurisdiction); *Peak Prop. Rentals LLC v. Gibbons*, 2024 WL 3849977 (D. Utah Aug. 16, 2024) (same); *Sandel v. Quality Stone Veneer, Inc.*, 2015 WL 5302477 (D. Colo. Sept. 10, 2015) (same); *Jeter v. Jim Walter Homes, Inc.*, 414 F. Supp. 791, 792-93 (W.D. Okla. Mar. 30, 1976) (same).

### III.   ANALYSIS

For purposes of federal jurisdiction, the determination of the amount-in-controversy is a question of federal law, governed by federal standards.  *Horton v.*

5

*Liberty Mut. Ins. Co.*, 367 U.S. 348, 352 (1961).  Nevertheless, federal courts must look to state law to determine the nature and extent of the substantive right at issue in a diversity case.  *Id*. at 352-53.  As a general rule, "the amount claimed by the plaintiff controls if the claim is apparently made in good faith."  *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting *St. Paul Mercury*, 303 U.S. at 288, and *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 276 (1977)).  While allegations in the complaint need not be specific, the plaintiff must allege sufficient facts to show that "recoverable damages will bear a reasonable relation to the minimum jurisdictional floor."  *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973) (citation omitted).  A court may find that the amount-in-controversy requirement is not satisfied when it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  *St. Paul Mercury*, 303 U.S. at 289.  One such circumstance is where a specific rule of substantive law or measure of damages limits the plaintiff's recoverable damages.  *Gerig v. Krause Publ'n, Inc.*, 58 F. Supp. 2d 1261, 1264 (D. Kan. July 15, 1999) (citation omitted).

    Remand is appropriate here because it is legally certain that the amount-in-controversy does not exceed the jurisdictional threshold of $75,000.  Plaintiff's potential recovery cannot exceed $75,000 because (1) statutory caps under New Mexico law strictly limit the damages available under his claims; (2) any punitive damages would

be constrained to a modest multiple of low compensatory damages; and (3) attorney's fees and costs, even if recoverable, would not be sufficient to bridge the gap. Each basis is addressed in turn.

First, although Plaintiff claims over $700,000 in statutory damages, both the NMUPA and NMPDA impose clear and enforceable caps that limit his actual recovery to well below the $75,000 jurisdictional threshold. The NMUPA provides that a prevailing plaintiff may recover the greater of actual damages or $100, and in cases involving willful misconduct, the greater of three times actual damages or $300. N.M. Stat. Ann. § 57-12-10(B). Here, Plaintiff alleges that he was overcharged $0.20 per song for 2,622 songs, which would result in actual damages of $524.40. Even assuming willful conduct and the application of treble damages, his total recovery under the NMUPA would be capped at approximately $1,573.20.

Plaintiff nevertheless asserts that he is entitled to $786,600 in statutory damages under the NMUPA based on the claim that he is owed $100 per song in punitive damages for 2,622 songs, and that this amount should be trebled. *See doc. 1-1* at 3. This figure, however, is based on a legally erroneous interpretation of the statute and does not represent a good faith estimate of recoverable damages.[2] The NMUPA does not

---

[2] Defendant is also aware that Plaintiff's damages calculation is legally incorrect. In a separate filing, Defendant acknowledges: "Plaintiff seeks punitive damages in the amount of $100 per song. He then uses this figure to incorrectly calculate his request for, 'damages in the amount of $786,600 as authorized by 57-12-12(B) NMSA,' which is three times $100 per the 2,622 songs." *Doc. 26* at 9 n.3.

authorize $100 in punitive damages per violation. Rather, as explained above, the statute imposes an overall cap on recoverable damages that is not enhanced based on the number of violations. Accordingly, Plaintiff's claimed amount bears no reasonable relation to the damages permitted under the NMUPA.

The same analysis and conclusion applies to Plaintiff's claim under the NMPDA.[3] The NMPDA allows a prevailing plaintiff to recover three times the amount of actual damages sustained. N.M. Stat. Ann. § 57-14-8(A). Although it authorizes additional damages upon proof of further harm under Subsection C, Plaintiff does not seek such damages. N.M. Stat. Ann. § 57-14-8(C). Based on the same alleged overcharges, Plaintiff's actual damages would again total $524.40, and his treble damages under the NMPDA would be capped at approximately $1,573.20. Thus, even assuming Plaintiff prevails on both claims and is awarded the maximum treble damages permitted under each statute, his combined statutory recovery would be capped at approximately $3,146.40[4]—an amount far below the $75,000 threshold required for federal jurisdiction.

Second, although Plaintiff also seeks punitive damages, even assuming such an award were granted in addition to treble damages under both statutes, his total

---

[3] On March 30, 2023, Judge Vázquez dismissed Plaintiff's NMPDA claim with prejudice. *Doc. 6* at 7-11. However, because the amount-in-controversy requirement is assessed based on the circumstances as they existed at the time of removal, the Court evaluates jurisdiction as if the NMPDA claim were still pending. *See St. Paul Mercury*, 303 U.S. at 293 ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 38 n.8 (2025).
[4] Indeed, it is likely that, if he had prevailed on both claims, a court would not permit entirely duplicative recovery based on the same actual damages.

recovery would still fall well short of the jurisdictional threshold.[5] *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (punitive and actual damages can be aggregated to meet amount-in-controversy requirement). This certainty flows from the proportional constitutional limit which would apply to Plaintiff's modest compensatory damages. It is well established that punitive damages "must bear a reasonable relationship to compensatory damages[.]" *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 580 (1996) (citations and internal quotations omitted). Although there is no "bright-line ratio which a punitive damages award cannot exceed[,] . . . in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Based on Plaintiff's allegations, the Court assumes compensatory damages of approximately $1,048.80 across both statutory claims.[6] Applying a generous 9:1 ratio, the maximum constitutionally permissible punitive damages would be approximately $9,439.20. Thus, even including punitive damages,

---

[5] The Court notes that Plaintiff is not entitled to punitive damages under the NMUPA. The New Mexico Supreme Court has held that N.M. Stat. Ann. § 57-12-10(D) permits an award of both treble damages and punitive damages only where the plaintiff asserts a separate common law theory of liability in addition to a statutory NMUPA claim. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213 (10th Cir. 2003) (citing *Hale v. Basin Motor Co.*, 795 P.2d 1006, 1012 (N.M. 1990)). Here, Plaintiff asserts only statutory claims and does not allege a separate common law basis for punitive damages. The Court therefore assumes, without deciding, that Plaintiff could recover punitive damages solely for the purpose of evaluating subject matter jurisdiction.

[6] This calculation again assumes the unlikely event that Plaintiff would be permitted to recover twice for the same damages.

Plaintiff's total potential recovery would not exceed $12,600—again, far below the $75,000 jurisdictional threshold.

Third, while both the NMUPA and NMPDA authorize an award of attorney's fees and costs to a prevailing plaintiff, those amounts are insufficient to bring the amount-in-controversy above the jurisdictional minimum.  N.M. Stat. Ann. § 57-12-10(C); N.M. Stat. Ann. § 57-14-8(A); *see Miera v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998) ("The Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.") (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)).  Plaintiff is proceeding *pro se* and therefore has not incurred any attorney's fees.  Moreover, there is no indication that any recoverable litigation costs would be significant enough to close the substantial gap between Plaintiff's capped damages, even when combined with the maximum permissible punitive damages, and the amount required to invoke federal jurisdiction.

In sum, the record establishes to a legal certainty that Plaintiff cannot recover an amount sufficient to satisfy the jurisdictional threshold under 28 U.S.C. § 1332.  Both statutory claims are subject to strict damages caps, and even when combined with the highest constitutionally permissible punitive damages and any potential costs, Plaintiff's total recovery remains far below $75,000.  Because the amount-in-controversy

requirement is not met, this Court lacks subject matter jurisdiction, and remand is therefore required.

## IV. CONCLUSION

Based on the foregoing reasoning, the undersigned RECCOMENDS that this case be REMANDED to the Fifth Judicial District Court, Lea County, New Mexico, Cause Number D-506-CV-2022-00065.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**